12-1886-cv
Bergerson v. N.Y.S. Office of Mental Health

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
                 Circuit Judges,
         JANE A. RESTANI,
                 Judge.*

- - - - - - - - - - - - - - - - - - - - -x

CHRISTINE A. BERGERSON,
                 Plaintiff-Appellant,

              -v.-                          12-1886-cv

NEW YORK STATE OFFICE OF MENTAL HEALTH,
CENTRAL NEW YORK PSYCHIATRIC CENTER,
                 Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     A.J. BOSMAN, Bosman Law Firm,
                             L.L.C., Rome, New York.

---

      *      The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLEE:          JULIE SHERIDAN, Assistant
                                 Solicitor General (Barbara
                                 Underwood, Solicitor General,
                                 Andrea Oser, Deputy Solicitor
                                 General, on the brief), for Eric
                                 T. Schneiderman, Attorney General
                                 of the State of New York, Albany,
                                 New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Christine A. Bergerson appeals the district court's April 3, 2012 supplemental judgment, entered pursuant to the court's April 3, 2012 memorandum-decision and order, awarding her back pay from January 31, 2006 until September 26, 2007, but denying her back pay after September 26, 2007. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Following trial, a jury found that Bergerson's employment at Central New York Psychiatric Center ("CNYPC") had been wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and awarded her damages. The district court denied Bergerson back pay on the ground that the jury's award was

sufficient to make her whole.  We subsequently vacated the judgment as to back pay and remanded the case to the district court with instructions to hold a separate inquest and to "carefully articulate its reasons" if it denied back pay. Bergerson v. N.Y.S. Office of Mental Health, 652 F.3d 277, 287 (2d Cir. 2011) (citation omitted).  On remand, after an inquest, the district court held that:

> Bergerson failed to act reasonably when she voluntarily left [St. Lawrence Psychiatric Center ("SLPC")] and returned to Birnie Bus, where she earned substantially less money and was not provided with insurance or benefits.  Plaintiff's reasons for resigning from SLPC -- primarily the lengthy commute, time away from her family, and loneliness in a new environment -- are personal in nature and do not amount to unreasonable working conditions.  Therefore, Bergerson is only entitled to back pay from January 31, 2006 (the date of her termination from CNYPC) to September 26, 2007 (the date she voluntarily resigned from her position at SLPC).

Bergerson v. N.Y.S. Office of Mental Health, 853 F. Supp. 2d 238, 243-44 (N.D.N.Y. 2012).

On appeal, Bergerson argues that the district court erred by denying her back pay after September 26, 2007 on the ground that she failed to mitigate damages by resigning from SLPC for personal reasons.

We review for abuse of discretion a district court's denial of back pay under Title VII.  See Albemarle v. Paper Co.

- 3 -

v. Moody, 422 U.S. 405, 424 (1975). A district court abuses its discretion when it rests its decision on an "erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." Sims v. Blot (In re Sims), 534 F.3d 117, 132 (2d Cir. 2008) (citations and internal quotation marks omitted). We review for clear error a district court's factual finding that a claimant failed to act reasonably in mitigating damages. See Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 696 (2d Cir. 1998). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Ferguson, 702 F.3d 89, 93 (2d Cir. 2012) (citation and internal quotation marks omitted). We may affirm the judgment on any ground supported by the record, even if not adopted by the district court. Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 88 (2d Cir. 2002).

An employee discharged in violation of Title VII has a duty to mitigate damages by using "reasonable diligence in finding other suitable employment." Hawkins, 163 F.3d at 695 (citation and internal quotation marks omitted); see also 42 U.S.C. § 2000e-5(g)(1). "This obligation is not onerous and

- 4 -

does not require her to be successful." Hawkins, 163 F.3d at 695. A plaintiff who, for personal reasons, resigns from or declines a job substantially equivalent to the one she was denied has not adequately mitigated damages. See Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982); Hawkins, 163 F.3d at 696. But an employee "need not go into another line of work, accept a demotion, or take a demeaning position," Dailey v. Societe Generale, 108 F.3d 451, 455-56 (2d Cir. 1997) (citation and internal quotation marks omitted), and "a voluntary quit does not toll the back pay period when it is motivated by unreasonable working conditions or an earnest search for better employment," Hawkins, 163 F.3d at 696 (citation and internal quotation marks omitted).

Generally, the defendant employer seeking to avoid a back pay award bears the burden of demonstrating that the plaintiff failed to mitigate damages. Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005). "This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." Id. (quoting Dailey, 108 F.3d at 456). An exception to this general rule is that an employer is "released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such

employment." Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1998). Nevertheless, "the employer, not the employee, . . . bears the burden on the issue of effort to seek employment." Broadnax, 415 F.3d at 268.

Here, the district court erred by concluding that Bergerson failed to mitigate damages by voluntarily resigning from SLPC on September 26, 2007. As the district court noted, one of Bergerson's primary reasons for resigning from SLPC was "the lengthy commute." It is undisputed that it took Bergerson two and a half to three hours to travel to SLPC from her home in Rome, New York. Such an onerous commute undoubtedly constitutes unreasonable working conditions, and Bergerson was not obligated to mitigate damages by pursuing or continuing employment located such an unreasonable distance from her home. See, e.g., Eassa v. Hartford Fire Ins. Co., No. 90-CV-321, 1991 U.S. Dist. LEXIS 17309, at *28 (N.D.N.Y. Nov. 29, 1991) ("The long-settled rule in the labor area is that a wrongfully discharged employee need not accept, in mitigation of damages, employment that is located an unreasonable distance from his home." (quoting Spagnuolo v. Whirlpool Corp., 717 F.2d 114 (4th Cir. 1983)); accord Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 89 (3d Cir. 2009); Oil, Chem. & Atomic Workers Int'l Union v. NLRB, 547 F.2d 598, 603 (D.C. Cir. 1976) (citing cases). Accordingly, it was error

- 6 -

for the district court to conclude that Bergerson failed to mitigate damages by voluntarily resigning from SLPC.

Nevertheless, we affirm the district court's judgment because we conclude that defendant met its burden of showing that Bergerson made no reasonable efforts to seek comparable employment after she left SLPC on September 26, 2007. See Greenway, 143 F.3d at 54. During the inquest, when Bergerson was asked whether she sought other employment after leaving SLPC, she replied, "I returned back to Birnie [Bus]." In addition, Bergerson subsequently worked part-time for the School For The Deaf. These positions, however, were not comparable employment. See, e.g., id. (work at temporary agency and participation in training program were not suitable employment for purposes of mitigating damages). Further, Bergerson's counsel conceded at oral argument that Bergerson did not pursue other comparable employment after leaving SLPC.

To the extent Bergerson now argues that she satisfied her duty to mitigate by seeking comparable employment after she was terminated by CNYPC in January 2006, this argument fails because any such efforts took place a year and a half before she left SLPC in September 2007, and it was certainly possible that the job market had changed by the time she left SLPC. Further, even if defendant had undermined Bergerson's efforts to obtain

comparable employment by providing her with poor references, it would not have prevented her from looking for comparable employment after leaving SLPC, particularly in view of the passage of time since her discharge from CNYPC.

Because defendant demonstrated that Bergerson failed to mitigate damages after she left SLPC on September 26, 2007, Bergerson was not entitled to back pay after that date.

We have considered Bergerson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk